IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MIGUEL GUTIERREZ-PIZANO, | ) | 8:08CV494 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, | ) | |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made four claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One:   Petitioner's conviction was obtained by a plea of no contest which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the consequence of the plea *because* Petitioner suffers from "server [sic] educational deficiencies," the trial court was aware of these deficiencies, and "knew or should have reasonably known that Petitioner suffered from a mental problem"; also, at Petitioner's plea hearing, the trial court did not ask Petitioner the reason for his court appearance, violated the terms of the plea agreement by "inducing [Petitioner] into making [a] statement,"

asked Petitioner leading questions, and "allowed Petitioner to plead no contest to a charge that was not part of the record."

Claim Two: The trial court's "action or inaction" during Petitioner's plea hearing constituted judicial misconduct *because* the trial court failed to ask Petitioner "what are the pleas going to be," led Petitioner "into disclosing facts to support the charges," and accepted a plea Petitioner did not "knowingly and understandingly enter."

Claim Three: Petitioner's conviction was obtained by a denial of effective assistance of counsel *because* Petitioner's trial counsel did not inform Petitioner of his right to a speedy trial, did not bring the speedy trial issue to the trial court's attention, did not inform Petitioner that his "educational and mental health issues were available defenses," did not "object to the court's obtaining a factual basis from Petitioner," did not "object to the court's accepting an inadequate factual basis or inadequate facts from the prosecution to support the no contest plea," did not "adequately investigate and prepare the case prior to advising [Petitioner] to plead no contest," did not "object and inform the [trial court] that [Petitioner] was not served with a copy of the Information," and did not inform Petitioner of his right to contact the Mexican Consulate.

> Claim Four: Petitioner's conviction was obtained by a denial of effective assistance of counsel *because* the Douglas County Public Defender's Office could not effectively represent Petitioner on direct appeal "without causing a conflict of interest"; also, Petitioner's appellate counsel failed to raise the following issues: Petitioner's Miranda rights were violated, he has a "fourth grade school level," he was not served a copy of the Information, there was no factual basis to support his plea, he pled to "a charge that was not part of the record or plea agreement," his right to a speedy trial was violated, and his trial counsel failed to inform him that his "educational and mental health issues were available defenses."

Liberally construed, the court preliminarily decides that all four of Petitioner's claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

Petitioner requests the appointment of counsel. (Filing No. 2). "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v.*

3

*Purkett,* 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). In short, there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition for Writ of Habeas Corpus (filing no. 1), the court preliminarily determines that all four of Petitioner's claims, as set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. Petitioner's Motion for Appointment of Counsel (filing no. 2) is denied without prejudice to reassertion.

3. The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition for Writ of Habeas Corpus (filing no. 1) to Respondent and the Nebraska Attorney General by regular first-class mail.

4. By December 26, 2008, Respondent shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: December 26, 2008: deadline for Respondent to file answer or motion for summary judgment.

5. If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

A.  The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

B.  The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.  Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief, shall be served upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

E.  No later than 30 days after the filing of Petitioner's brief,

>
> Respondent shall file and serve a reply brief.
>
> F. If the motion for summary judgment is denied, Respondent shall file an answer, a designation, and a brief that complies with the terms of this order. (See the following paragraph). The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. ***Respondent is warned that the failure to file an answer, a designation, and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release***.

6. If Respondent files an answer, the following procedures shall be followed by Respondent and Petitioner:

> A. No later than 30 days after the filing of the answer, Respondent shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *[Rules Governing Section 2254](#) Cases in the United States District Courts*.
>
> B. The answer shall be supported by all state court records which are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *[Rules Governing Section 2254](#) Cases in the*

*United States District Courts.* Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

C. Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief.

7. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *[Rules Governing Section 2254](#) Cases in the United States District Courts*.

November 25, 2008.         BY THE COURT:

                            s/ Joseph F. Bataillon
                            Chief United States District Judge