IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MIGUEL GUTIERREZ-PIZANO, | ) | 8:08CV494 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary
Judgment. (Filing No. 14.)  In support of his Motion, Respondent filed a Brief, Reply
Brief, and relevant State Court Records.  (Filing Nos. 15, 16, and 21.)  Petitioner
Miguel Gutierrez-Pizano ("Gutierrez") filed an Objection to the Motion, and a Brief
and Reply Brief in support of his Objection.  (Filing Nos. 17, 18, and 22.)  As set
forth below, Respondent's Motion is granted.

Liberally construing the allegations of Gutierrez' Amended Petition for Writ
of Habeas Corpus ("Petition") (filing no. 13), he argues that the Petition should be
granted because:

Claim One:        Petitioner's conviction was obtained by a plea of no contest
which was unlawfully induced or not made voluntarily
with the understanding of the nature of the charge and the
consequence of the plea *because* Petitioner suffers from
"server [sic] educational deficiencies," the trial court was
aware of these deficiencies, and "knew or should have
reasonably known that Petitioner suffered from a mental
problem"; also, at Petitioner's plea hearing, the trial court
did not ask Petitioner the reason for his court appearance,
violated the terms of the plea agreement by "inducing
[Petitioner] into making [a] statement," asked Petitioner

leading questions, and "allowed Petitioner to plead no contest to a charge that was not part of the record."

Claim Two:         The trial court's "action or inaction" during Petitioner's plea hearing constituted judicial misconduct *because* the trial court failed to ask Petitioner "what are the pleas going to be," led Petitioner "into disclosing facts to support the charges," and accepted a plea Petitioner did not "knowingly and understandingly enter."

Claim Three:       Petitioner's conviction was obtained by a denial of effective assistance of counsel *because* Petitioner's trial counsel did not inform Petitioner of his right to a speedy trial, did not bring the speedy trial issue to the trial court's attention, did not inform Petitioner that his "educational and mental health issues were available defenses," did not "object to the court's obtaining a factual basis from Petitioner," did not "object to the court's accepting an inadequate factual basis or inadequate facts from the prosecution to support the no contest plea," did not "adequately investigate and prepare the case prior to advising [Petitioner] to plead no contest," did not "object and inform the [trial court] that [Petitioner] was not served with a copy of the Information," and did not inform Petitioner of his right to contact the Mexican Consulate.

Claim Four:        Petitioner's conviction was obtained by a denial of effective assistance of counsel *because* the Douglas County Public Defender's Office could not effectively represent Petitioner on direct appeal "without causing a conflict of interest"; also, Petitioner's appellate counsel failed to raise the following issues: Petitioner's Miranda rights were violated, he has a "fourth grade school level," he was not served a copy of the Information, there was no factual basis to support his plea, he pled to "a charge that was not part of the record or plea agreement," his right to a speedy trial was violated, and his trial counsel failed to inform him that

2

his "educational and mental health issues were available defenses."

(Filing No. 11 at CM/ECF pp. 1-3.)

## I.   BACKGROUND

On September 2, 2004, Gutierrez pled no contest to one count of Robbery. (Filing No. 16-7, Attach. 6, at CM/ECF p. 18.)  Gutierrez was thereafter sentenced to serve eight to 10 years on that charge.[1]  (*Id.* at CM/ECF pp. 19-20.)  Gutierrez filed a timely direct appeal.  (*Id.* at CM/ECF p. 1.)  The Nebraska Court of Appeals summarily affirmed Gutierrez' conviction and sentence on May 23, 2005.  (Filing No. 16-4, Attach. 3, at CM/ECF p. 2.)  Gutierrez did not file a petition for further review with the Nebraska Supreme Court, and the Nebraska Supreme Court issued the mandate to the Douglas County, Nebraska District Court on June 28, 2005.  (*Id.*)

Gutierrez filed a Verified Motion for Post-Conviction Relief ("Post Conviction Motion") in the District Court of Douglas County, Nebraska on January 9, 2007. (Filing No. 16-5, Attach. 4, at CM/ECF pp. 20-33.)  The Douglas County, Nebraska District Court denied the Post Conviction Motion, and Gutierrez filed a timely appeal of that decision.  (*Id.* at CM/ECF pp. 1-2, 34-36.)  The Nebraska Court of Appeals affirmed the denial of post-conviction relief on December 6, 2007.  (Filing No. 16-2, Attach. 1, at CM/ECF p. 2.)  The Nebraska Supreme Court denied Gutierrez' post-conviction petition for further review on January 24, 2008 and the mandate issued to the Douglas County, Nebraska District Court on February 7, 2008.  (*Id.*)

---

[1]The sentence was ordered to run consecutively with two other separate sentences previously ordered, resulting in a total sentence of 24 to 30 years imprisonment.  (Filing No. 16-7, Attach. 6, at CM/ECF pp. 19, 30; Filing No. 16-8, Attach. 7, at CM/ECF pp. 25-26.)  The two cases were consolidated for purposes of the direct appeal.  (Filing No. 16-3, Attach. 2, at CM/ECF p. 2.)

Gutierrez filed his Petition in this court on November 3, 2008. (Filing No. 1.) Because the Petition filed on November 3, 2008 was not signed, the court required Gutierrez to file an amended Petition with his signature. (Filing No. 13.) Aside from the signature, the court is aware of no other differences between the original and amended Petitions.[2] Respondent thereafter filed his Motion for Summary Judgment, arguing that Gutierrez' Petition is barred by the relevant statute of limitations. (Filing Nos. 14 and 15.) In opposition, Gutierrez states that his failure to file his Petition within one year should be excused due to his lack of access to Spanish-language resources. (Filing No. 22.)

## II.    ANALYSIS

### A.    Statute of Limitations

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)). This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by

---

[2]Gutierrez filed another Amended Petition on March 30, 2009. (Filing No. 19.) There is no substantive difference between the first Amended Petition (filing no. 13) and the second Amended Petition (filing no. 19), and the court therefore relies on the first Amended Petition for purposes of this Memorandum and Order.

4

such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also* *Riddle v. Kemna*, 523 F.3d 850, 852 (8th Cir. 2008) (indicating that a postconviction case is pending, and the limitations period is tolled, from the filing of the postconviction motion until the mandate issues). Here, there is no indication that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D). The issue, therefore, is whether the Petition was filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The limitations period began to run on June 28, 2005, when the mandate was issued and Petitioner's direct criminal appeal became final. *See, e.g.*, *Riddle,* 523 F.3d at 852 (holding that the petitioner's direct appeal became final, and the one-year limitations period began to run, on the date that the Missouri Court of Appeals issued its mandate where no appeal to the court of last resort was filed). Thus, Gutierrez had one year, or until June 28, 2006, to file a petition in this court. Alternatively, if Gutierrez filed a state post-conviction motion prior to June 28, 2006, the limitations

5

period would be tolled.  Gutierrez did not file his Post Conviction Motion until January 9, 2007.  (Filing No. 16-5, Attach. 4, at CM/ECF pp. 20-33.)  Gutierrez did not file his Petition in this court until November 3, 2008.  (Filing No. 1.)  Even though the time during the pendency of the Post Conviction Motion does not count, that motion was not filed until more than a year after the statute of limitations *had already expired* and therefore does not toll the statute of limitations.  In light of this, the court finds that Gutierrez' Petition was not timely filed.

## B.   Equitable Tolling

Gutierrez argues that the untimeliness of his Petition should be excused. (Filing No. 22.)  The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations.  *See, e.g.*, *Riddle,* 523 F.3d at 857.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)).  However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'"  *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 808, 805 (8th Cir. 2001)).

Gutierrez argues that equitable tolling should be applied in this case because the law library at his institution did not provide Spanish-speaking clerks or librarians, and he could not get materials in Spanish or "translation assistance before the one-year deadline expired."  (Filing No. 22 at CM/ECF pp. 1-3.)  Lack of proficiency in English generally does not "constitute extraordinary circumstances justifying equitable tolling.  *Mendoza v. Minnesota*, 100 Fed. App'x 587, 588 (8th Cir. 2004) (unpublished) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)).  As set forth in *Cobas*:

> We hold that where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of

proficiency is insufficient to justify an equitable tolling of the statute of limitations.  An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.  In general, the existence of a translator who can read and write English and who assists a petitioner during his appellate proceedings implies that a petitioner will not have reasonable cause for remaining ignorant of the legal requirement for filing his claim.

Cobas, 306 F.3d 444 (quotation omitted); see also Martinez v. Kuhlmann, No. 99 Civ. 1094, 2000 WL 622626, *3 (S.D.N.Y May 15, 2000) (finding no "rare," "exceptional," or "extraordinary" circumstances justifying equitable tolling where the petitioner claimed he was a non-English speaker because "to permit equitable tolling in all cases involving such problems would frustrate the statute's objectives, because many inmates could make the same claims").  Indeed, the petitioner in Cobas was not entitled to equitable tolling where "even after" his "direct appeals ended in 1995, [he] was able to file two separate post-conviction motions in the state courts, as well as the instant habeas petition." Cobas, 306 F.3d 444.

Gutierrez, acting pro se, filed several documents in English on direct appeal. (Filing No. 16-7, Attach. 6, at CM/ECF pp. 1-10.) In addition, Gutierrez, again acting pro se, filed his Post Conviction Motion, appeal, petition for further review, and his Petition in this court.  (Filing Nos. 13 and 16-5, Attach. 4.)  As with the petitioner in Cobas, even if Gutierrez received assistance in drafting these pro se filings, he was "clearly able to communicate with the person who helped him" and was not denied access to the courts. Cobas, 306 F.3d at 444.  Further, Gutierrez has not submitted any evidence showing that he attempted to secure assistance drafting his Petition earlier, but could not obtain assistance due to some truly "extraordinary" circumstance.[3]  It is clear that Gutierrez has not pursued his rights diligently, nor does

[3]While it is unclear, Gutierrez' argument may be not only that he has difficulty communicating in English, but that he simply didn't have "actual notice of the filing

7

it appear that any extraordinary circumstance stood in the way of timely filing his Petition or otherwise prevented him from accessing the courts. The court finds that equitable tolling does not apply and Gutierrez' Petition is barred by AEDPA's statute of limitations.

IT IS THEREFORE ORDERED that:

1.    Respondent's Motion for Summary Judgment (filing no. 14) is granted. Petitioner Miguel Gutierrez-Pizano's Petition for Writ of Habeas Corpus, as amended (filing no. 13), is denied in all respects and this action is dismissed with prejudice.

2.    A separate judgment will be entered in accordance with this Memorandum and Order.

3.    All other pending motions are denied.

September 1, 2009.                    BY THE COURT:


                                       s/ Joseph F. Bataillon
                                       Chief United States District Judge

---

requirement." (Filing No. 22 at CM/ECF p. 2.) However, equitable tolling is not appropriate simply because the petitioner has a "lack of legal knowledge or legal resources." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).


    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.